UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| VERSUS | NO. 12-291 |
| DAVID RAINEY | SECTION "N" (3) |

## ORDER AND REASONS

Before the Court is the Defendant David Rainey's Motion *in Limine* to Bar the Task Force from Using an Overview Witness (Rec. Doc. 417). The Government filed a response in opposition (Rec. Doc. 436). The Defendant filed a reply (Rec. Doc. 472). In his motion, Defendant Rainey seeks to preclude the Government from using an "overview" witness on any disputed issue that would substantially prejudice the defendant on the grounds that the witness's testimony would serve as a second opening and is substantially prejudicial. The Government asserts in response that the "overview" witness will testify based solely on personal knowledge and related to background information, terms, and physical evidence.

**IT IS ORDERED** that the motion is **GRANTED IN PART and DENIED WITHOUT PREJUDICE IN PART**. The testimony of any such witness, should the Government choose to present it, shall be presented in strict conformity with the Fifth Circuit's guidance in *United States*

1

*v. Griffin*, 324 F.3d 330 (5th Cir. 2003). A non-exclusive requirement under *Griffin* is that the so-called "overview witness" **not** testify as to any hearsay evidence or any other testimony not based on personal knowledge, and also not testify as to the credibility of any other witnesses, including the defendant himself. In other words, this witness's testimony shall be limited to his/her personal first-hand knowledge, and shall exclude any opinions regarding credibility of witnesses, motivations of other persons, and characterizations of the testimony of other witnesses who may testify at trial, or evidence. Moreover, no witness can "summarize" the Government's evidence, as the initial or early-appearing witness at this trial, and no witness shall give an "overview" of this case. Such is the purpose of opening statements and closing arguments.

    The Government purports to spend valuable jury and court time having the "overview" witness "testify concerning the background of the criminal investigation into the BP oil spill, including the events leading up to the investigation." (Rec. Doc. 436, p. 3.) Of course, it has been well established in this case that the defendant was not involved in and did not participate in any way with the operation of the Deep Water Horizon or the events leading up to the April 20th disaster. In fact, it would be prejudicial to allow an "overview" governmental agent witness to describe such events. The Government further seeks to have the "overview" witness "to testify that numerous agencies were involved in the criminal investigation, including the Federal Bureau of Investigation and Environmental Protection Agency." (Rec. Doc. 436, p. 3.) Again, the defendant in this case is not accused of committing an environmental crime, but rather stands trial on two counts[1], neither

---

[1] The Second Superseding Indictment alleges, in Count One, a violation of 18 U.S.C. § 1505, 2(a), and 2(b); and in Count Two, a violation of 18 U.S.C. § 1001(a)(2).

of which requires the jury to know that "numerous agencies" were involved in the criminal investigation into the BP oil spill, or about other cases (including but not limited to the one involving Mr. Mix) or parts of an investigation. The Government further explains that it expects the "overview" witness "to testify about the techniques used in the investigation to collect evidence, including witness interviews, grand jury testimony, and subpoenas," and "the scope of the investigation, including that the investigation was focused on potential misstatements by BP and its employees about the flow rate of oil coming from the Macondo well." (Rec. Doc. 436, pp. 3-4.) In this trial involving two simple counts, the jury need not hear about "the scope of the investigation," other "potential misstatements by BP and its employees," and the "various witness interviews, grand jury[2] testimony, and subpoenas" involved in the investigation. Any testimony or other evidence in this case must be relevant to the two counts which the jury is to consider in its deliberations, and will be limited accordingly. The Court cautions the Government that an "overview" witness will not be allowed to do a "roll out" of the grandeur of the Government's sprawling investigation into its various suspicions, targets, and issues encountered on the road to filing these two counts against this defendant. Moreover, the jury need not hear testimony regarding the pre-indictment investigation's duration, scope and any investigative "techniques" used, because both counts in this case relate simply to Mr. Rainey's representations/omissions as compared to what he knew at the time he committed them. To the extent the Government attempts to pursue impermissible

---

[2] It is the Court's understanding that the grand jury which returned the indictment in this case may have heard evidence and testimony pertinent to other targets/suspected crimes. No testimony regarding such matters shall be permitted from this witness.

"overview" testimony contrary to this Order, the Court will order the witness to step down and strike any such testimony. The Fifth Circuit guidance could not be more clear in this regard.

In its opposition, the Government further suggests that this witness will be expected to testify as to "basic background terms and concepts concerning oil drilling and the oil spill that were central to the investigation" (Rec. Doc. 436, p. 1), and "some of the equipment used in deepwater drilling, including the following: the riser, the drill pipe, casing, the lower marine riser package, and the blow-out preventer. The Government's proposed "overview" witness is also expected to testify generally about other "oil drilling terms, including what is an annulus, what is annular flow, what is casing flow, what is a hanger, and what is a shoe track." (Rec. Doc. 436, p. 4.) The Government also intends to have the overview witness testify "about terms concerning the organizational structure of the oil spill response, including what was Unified Command and where it was located[3], what was incident command, what was a federal on-scene commander, and what/who was a responsible party." (Rec. Doc. 436, p. 4.) As to this testimony, **IT IS ORDERED** that Defendant Rainey's motion is **GRANTED**. All such testimony requires expertise in the field of deep water drilling operations, and unless this particular witness has a specific background expertise and otherwise can be qualified as such, this testimony is inappropriate from this particular witness. In other words, any such testimony offered by a so-called "overview" witness such as an FBI agent would be merely hearsay of that which was told to him/her by persons possessing such particularized knowledge in the field of deep water drilling. Moreover, as has been repeatedly stated throughout

---

[3] The Court is given to understand that one (or more) members of Unified Command will be called by the Government to testify at trial. Such witness(es) are obviously more appropriate sources of such information.

these proceedings, and as the jury will be constantly reminded, the defendant played no role in the operations on the Deep Water Horizon at any point in time up to the blowout, was not involved whatsoever in any factor that caused the blowout; and thus such testimony, even if arguably relevant as background information, can easily be presented by way of stipulation and/or the testimony of another witness who possesses firsthand knowledge and can concisely, efficiently, and *briefly* provide such information to the jury, to the limited extent needed.

Lastly, the Government expects this witness to offer into evidence certain basic, non-hearsay items broken down into the following categories: (a) evidence of the defendant's own party statements, including videotaped statements made by the defendant at his civil deposition, the defendant's handwritten notes, emails sent by the defendant, and documents drafted by the defendant; (b) materials that were found on the defendant's computer; (c) emails that the defendant received; and (d) records certified by custodians of records as business records under Federal Rule of Evidence 902(11). The Government further states that the agent "will not comment on anticipated testimony or evidence, but will simply lay the foundation for materials uncovered in the course of the investigation so that the government may introduce these materials into evidence." (Rec. Doc. 436, p. 5.) Assuming the proper foundation is laid, the witness can testify accordingly. To be clear, however, this witness will not be allowed to testify as to "flow rate" or "flow rate estimates," his/her "understanding" of documents or electronic communications that the witness did not either author or receive, and will not be permitted to characterize, describe or in any way interpret such materials, as they are the best evidence of their terms and contents, and witnesses called during the course of

the trial who have first-hand knowledge of these materials would have the capacity to respond to such questions if otherwise permissible.

For the foregoing reasons, **IT IS ORDERED** that the Defendant's Motion *in Limine* to Bar the Task Force from Using an Overview Witness (Rec. Doc. 417) is **GRANTED IN PART and DENIED WITHOUT PREJUDICE IN PART**.  The Court further advises that no witness shall provide an "overview" of this case; and every witness's testimony shall be based on personal first-hand knowledge, subject to further objection at trial, on a question-by-question basis, in conformity with this Order.  All counsel are cautioned about wise use of the jury's, and the Court's, time, and shall proceed efficiently, with focus on the two counts at issue, and not other ancillary matters.

New Orleans, Louisiana, this 28th day of May 2015.

_____
**KURT D. ENGELHARDT**
**United States District Judge**